UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SAIM SARWAR, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) Docket no. 1:21-cv-0008-GZS ) |
| BUCKSPORT MOTEL PROPERTIES, INC., | ) ) ) ) |
|       Defendant. | ) |

**ORDER OF DISMISSAL**

Before the Court is Defendant's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12 (ECF No. 5).  Via this Motion, Defendant asks the Court to find that Plaintiff lacks standing to pursue his claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189, or that this claim is alternatively not ripe.  For reasons briefly explained herein, the Court GRANTS the Motion.

Today the Court has entered an order in a related case brought by the same Plaintiff.[1]  See 5/18/21 Order of Dismissal (ECF No. 18) in Sarwar v. Om Sai, LLC, D. Me Docket No. 2:20-cv-00483-GZS ("Om Sai").  In this Om Sai decision, the Court has held that Sarwar cannot meet his burden of proving a concrete and imminent injury in fact and, as a result, his claim is subject to dismissal for lack of standing.  In this case, Plaintiff seeks to bring the same claim as to a different lodging establishment operated by Defendant, namely the Fort Knox Park Inn, located in

---

[1] Additionally, the Court has entered similar orders in two related Title III ADA cases brought by another Plaintiff. See  5/18/21 Order of Dismissal (ECF No. 24 in Laufer v. Acheson Hotels, LLC, D. Me. Docket No. 2:20-cv-00344-GZS) & 5/18/21 Order of Dismissal (ECF No. 25 in Laufer v. Mar-Lyn In Maine, LLC, D. Me. Docket No. 2:21-cv-00007-GZS).

Bucksport, Maine. On the record presented in this case, the Court similarly concludes that Sarwar lacks standing because he has not asserted a plausible injury that is concrete and imminent as it relates to Bucksport Motel Properties. Therefore, the Court hereby adopts and incorporates the reasoning contained in its Om Sai Order of Dismissal as the basis for concluding that the similar pending Motion in this case should be similarly granted. The Court alternatively finds Plaintiff's claim is subject to dismissal on ripeness grounds.[2] See, e.g., McInnis-Misenor v. Maine Med. Ctr., 319 F.3d 63, 73 (1st Cir. 2003) (affirming dismissal of Title III claim based on ripeness and prudential standing upon finding plaintiff's "claimed injury may never come to pass").

For the reasons just stated, the Court hereby GRANTS Defendant's Motion (ECF No. 5).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 18th day of May, 2021.

---

[2] Because the Court rules in favor of Defendant on its standing and ripeness arguments, it does not reach Defendant's alternative request for relief under F.R.C.P. 12(e). See Def. Mot., PageID # 21-22.